# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ROWAN COMPANIES, INC., *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-07-3397 |
| SIGNAL INTERNATIONAL, LLC, | § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Remand ("Motion") [Doc. # 4] filed by Plaintiffs Rowan Companies, Inc. ("Rowan") and LeTourneau, Inc. n/k/a LeTourneau Technologies, Inc. ("LeTourneau"). Defendant Signal International, LLC ("Signal") filed its Response in Opposition [Doc. # 8], and Plaintiffs filed a Reply [Doc. # 14].[1] Following a brief telephone conference on the Motion, Plaintiffs filed a letter brief in support of remand [Doc. # 20] and Defendant filed a Supplemental Memorandum in Opposition [Doc. # 21]. Having reviewed the full record and the applicable legal authorities, the Court **grants** the Motion for Remand.

---

[1] Also pending is Plaintiffs' Motion to Consolidate [Doc. # 5]. Plaintiffs ask for this case to be consolidated with Signal International LLC v. LeTourneau, Inc., Civil Action No. 07-2915. Because this case is remanded to state court, the Motion to Consolidate is denied as moot.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Rowan is a Delaware corporation with its principal place of business in Texas. LeTourneau is a Texas corporation with its principal place of business in Texas. Signal, a Delaware corporation, has its principal place of business in Mississippi and does business in Texas.

Plaintiffs allege that, in August 2002, they entered into a contract for the construction and delivery of an offshore drilling platform. Subsequently, LeTourneau contracted with Signal for Signal to construct the platform for Rowan. The contract between LeTourneau and Signal provided for a delivery date of August 15, 2007. The contract was amended in February 2007 to change the delivery date to February 6, 2008. Plaintiffs allege that Signal knew it would not be able to deliver the platform by the February 2008 deadline and has "notified LeTourneau that it would be unable to perform pursuant to the February 15, 2007 amended agreement." *See* Plaintiffs' Original Petition, Exh. A to Notice of Removal [Doc. # 1], ¶¶ 9-10.

Plaintiffs filed this lawsuit in state court, alleging breach of contract, promissory estoppel, tortious interference with contract, negligent misrepresentation, and fraud. Defendant removed the case to this court, asserting that Rowan was improperly joined to defeat federal diversity jurisdiction.

After this case was filed in state court, but before removal, Signal filed a lawsuit in federal court against LeTourneau, Civil Action No. H-07-2915. Rowan is not named as a defendant in Signal's lawsuit. It is Civil Action H-07-2915 that Rowan and LeTourneau seek to have consolidated into this case, if this case is not remanded to state court. The pending Motion for Remand, and the related Motion to Consolidate, have been fully briefed and are ripe for decision.

## II. ANALYSIS

### A. Improper Joinder

Defendant removed this case, filed in the 269th Judicial District Court of Harris County, Texas, asserting that Rowan is improperly joined as a Plaintiff. "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359.

The improper joinder analysis focuses on the joinder itself, "not the merits of the plaintiff's case." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*), *cert. denied*, 544 U.S. 992 (2005). Consequently, the Fifth Circuit recognizes two ways for a removing defendant to establish improper joinder: (1) fraud in the pleading of jurisdictional facts, or (2) an inability of the non-diverse plaintiff to establish a cause of action against the defendant in state court. *See id.* The test for

improper joinder is whether the defendant has demonstrated that "there is no possibility of recovery by the plaintiff" on any claim against the defendant, "which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the defendant on any claim asserted in the state court pleading. *See id.*; *see also Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Lott v. Dutchmen Mfg., Inc.*, 422 F. Supp. 2d 750, 753 (E.D. Tex. 2006). The removing party "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574. The removing party's "showing must be such as compels the conclusion that the joinder is without right and made in bad faith." *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281-82.

### B.     Rule 12(b)(6) Analysis

The district court may resolve the improper joinder issue by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states [at least one] claim under state law" by the non-diverse plaintiff against the defendant. *Smallwood*, 385 F.3d at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* In this case, Rowan, the non-diverse plaintiff, and LeTourneau, the diverse plaintiff, each assert a

claim against Defendant Signal for tortious interference with contract under Texas state law. The elements of tortious interference with a contract are: (1) the existence of a contract subject to interference; (2) willful and intentional interference without privilege or justification; (3) interference that proximately caused damage; and (4) actual damage or loss. *See Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 207 (Tex. 2002); *see also ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997). Plaintiffs allege that they had a rig construction contract between them – a contract that was subject to interference. Plaintiffs also allege that Defendant willfully interfered with the contract between Plaintiffs by delaying performance under Defendant's contract with LeTourneau for Rowan's benefit, and that Defendant's tortious interference was the proximate cause of damages to Plaintiffs. Plaintiffs have adequately alleged, for purposes of notice pleading, the elements of its tortious interference with contract claim.

### C.   Summary Inquiry – Equally Dispositive Arguments

Signal argues that Rowan was improperly joined as a Plaintiff on the tortious interference claim because the delivery date for the platform has not yet arrived so there is no present failure to deliver the platform on time, that Signal did not know of the contract between Rowan and LeTourneau, that Signal never intended to interfere with any contract between Plaintiffs, and that any interference was justified by the express

terms of the contract between LeTourneau and Signal. In limited circumstances, the district court may, in its discretion, "pierce the pleadings and conduct a summary inquiry." *See Smallwood*, 385 F.3d at 573. The inquiry, which bears some limited resemblance to a Rule 56 summary judgment analysis, should be limited, should not involve substantial hearings, and should not require significant discovery. *See id.* Otherwise, "this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim" by the plaintiff alleged to be improperly joined. *Id.* at 574. "Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

Because the arguments raised by Defendant would involve significant discovery and would require the Court to decide the merits of Plaintiffs' claims, the Court exercises its discretion against engaging in a summary inquiry. Moreover, even if successful, the arguments asserted by Signal against Rowan's tortious interference with contract claim would apply equally to LeTourneau. If the removing defendant's showing on the improper joinder issue "compels a holding that there is no reasonable basis for predicting that state law would allow the [non-diverse] plaintiff to recover against the . . . defendant necessarily compels the same result for the [diverse Plaintiff],

there is no improper joinder; there is only a lawsuit lacking in merit." *See id.* at 574. "In such a situation, the entire suit must be remanded to state court." *Id.* at 571.

### III.  CONCLUSION AND ORDER

Defendant has failed to show that Rowan was improperly joined as a Plaintiff in this case. As a result, Rowan's citizenship is considered when determining whether diversity jurisdiction exists. Rowan and Signal are both Delaware corporations. As a result, there is no complete diversity of citizenship and the Court lacks jurisdiction over this dispute. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 4] is **GRANTED** and this case is **REMANDED** to the 269th Judicial District Court of Harris County, Texas. It is further

**ORDERED** that Plaintiffs' Motion to Consolidate [Doc. # 5] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this **12th** day of **December, 2007**.

Nancy F. Atlas
United States District Judge